UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANGELO CROSS                                                       PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:15CV-874-GNS

LOUISVILLE POLICE DEP. *et al.*                              DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Angelo Cross's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff filed his complaint on a general complaint form. As grounds for filing this case in federal court, Plaintiff indicates, "slander, malicious prosecution Harrassment, Discrimination." As Defendants, he names the "Louisville Police Dep." (LMPD); the City of Louisville; the Seelbach[1] Hotel; "Steve W.," Security Officer at the Seelbach; Patrick Rhodes, Security Office at the Seelbach;[2] and "Police Officer Bickett J."

In the statement-of-claim portion of the complaint form, Plaintiff alleges as follows:

> the security that work for SeelBack Hotel will call the Police on me I am not on there lot, when I am Asking People Do they need any help I am Know as the In-fo-man and the Judge in lou, Know I Dont PanHandle, But they wont to say to avery one around that I am a peace of shit. And that I should not Be Downtown Around People if I dont have a Job, And they have treated my life By saying we Know where you live, And if i was not working I will hurt you. And the Hate me so much I am Afraid they or Some one they talk to will Kill me the same [illegible] one of there worker

---

[1] Plaintiff spells this hotel's name "Seelback," but the Court takes judicial notice of its correct spelling, "Seelbach."

[2] While Plaintiff identifies Defendants Steve W. and Rhodes as "Security" in the complaint, he attaches summonses for those Defendants more specifically identifying them as Security Officers at the Seelbach.

> Kill a Homeless man and Put his Body in a field and went Back to work like nothin was wrong, And the way they talk and treat me I Know that I will Be Kill to. now they got Lou, Police To Harrass me, By Say he was going to give me A Panhandle ticket But end up give me a Disordorly ticket, And said if he see me do it again he will lock me up.

As relief, Plaintiff seeks $100,000,000 and asks the Court to "Stop them for talking about People who Dont work, ect."

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff does not cite a specific federal law which he claims has been violated. Based on Plaintiff's claims and allegations, the Court liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is

3

the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Seelbach Hotel and Security Officers Steve W. and Rhodes

Section 1983 typically cannot be used to bring an action against a private business, like the Seelbach Hotel, or private citizens, like Seelbach Security Officers Steve W. and Rhodes. *See, e.g.*, *Wilder v. Hall*, 501 F. Supp. 2d 887, 893 (E.D. Ky. 2007) ("Generally, a section 1983 action will not lie against a private individual."); *Van Hull v. Marriott Courtyard*, 87 F. Supp. 2d 771, 780 (N.D. Ohio 2000) ("The Marriott cannot be held liable under § 1983 because it did not, as a private entity, act under the color of state law."). Only if the alleged infringement of federal rights is fairly attributable to the state may private persons be held to be state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The Supreme Court has articulated three tests for determining who are state actors. These three tests are: (1) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *West v. Atkins*, 487 U.S. 42, 49-50 (1988); *Flagg Bros.* v. *Brooks*, 436 U.S. 149, 157 (1978); and (3) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

4

170 (1970). *See Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 936-39 (1982) (for a discussion of the tests); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (same).

Here, the only suggested link between the hotel and its security officers and the state is the allegation that "now they got Lou, Police To Harrass me, By Say he was going to give me A Panhandle ticket But end up give me a Disordorly ticket, And said if he see me do it again he will lock me up." It is unclear what Plaintiff means by alleging that they got the police to harass him. Nevertheless, this is a broad and conclusory statement that is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679 (2009). Further, that the Seelbach Defendants may have provided information about Plaintiff to the police is not enough to make those Defendants state actors. *See Bryant-Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997) ("The mere furnishing of information to state officials does not constitute joint action sufficient to render a private citizen a state actor under Section 1983 . . . ."). The Court, therefore, finds that Plaintiff has failed to state a § 1983 claim against the Seelbach Defendants and will dismiss the claims against them.

### B. City of Louisville and LMPD

The Court construes the claims against the City of Louisville as being brought against the merged Louisville Metro Government.[3] *See Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 14 (Ky. Ct. App. 2009) (indicating that "Louisville/Jefferson Metro Government is the post-merger successor to the City of Louisville"); *St. Matthews Fire Prot. Dist. v. Aubrey*, 304

---

[3] In 2003, the City of Louisville government merged with the surrounding Jefferson County government and formed what is now referred to as the Louisville/Jefferson County Metro Government (Louisville Metro Government). *See* http://www.louisvilleky.gov. Therefore, the separate governmental entity of the City of Louisville no longer exists.

S.W.3d 56, 60 (Ky. Ct. App. 2009) (stating that "Jefferson County and the City of Louisville have merged to form the Louisville Metro Government").

The Court also construes the claims against the LMPD as being brought against the Louisville Metro Government as the real party in interest because the LMPD it is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

6

deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

### C. Police Officer J. Bickett

Plaintiff does not specifically mention any action taken by Defendant Bickett. Presuming, for the purpose of initial review, that he is the officer who Plaintiff alleges "[said] he was going to give me A Panhandle ticket But end up give me a Disordorly ticket, And said if he see me do it again he will lock me up," Plaintiff fails to state a claim upon which relief may be granted against him. Plaintiff alleges that he brought this action due to "slander, malicious prosecution Harrassment, Discrimination."

#### 1. Slander

It is unclear what allegations Plaintiff claims constitute slander. Regardless, slander, without more, does not state a claim under § 1983. Harm or injury to reputation does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, to the extent Plaintiff seeks to raise a § 1983 claim based upon the theory of slander, that claim must fail because it does not involve the violation of

rights secured by the Constitution and laws of the United States. *See Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005); *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("[T]he Civil Rights Act does not give rise to a cause of action for slander.").

### *2. Malicious Prosecution*

"[T]he Sixth Circuit recognizes a 'constitutionally cognizable claim of malicious prosecution under the Fourth Amendment.'" *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)).

> To state a valid federal civil rights claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege facts meeting four elements: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor."

*Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (quoting *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014)).

Here, Plaintiff does not allege that a criminal prosecution was initiated against him, only that he was given a "Disordorly ticket." Further, Plaintiff wholly fails to allege that a criminal proceeding was resolved in his favor. Plaintiff, therefore, fails to state a federal malicious prosecution claim and that claim will be dismissed.

### *3. Harassment and Discrimination*

Plaintiff fails to allege facts supporting any constitutional claim of harassment or discrimination. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, to the extent that Plaintiff is trying to assert a discrimination

8

claim under the Fourteenth Amendment's Equal Protection Clause, he wholly fails to allege that he is a member of a suspect class, that a fundamental right was burdened, or that he was treated differently than other similarly situated persons. *See Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) ("The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis."). For these reasons, the Court will dismiss the harassment and discrimination claims.

### D. *State-Law Claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be bringing. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). The state-law claims, therefore, will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court, by separate Order, will dismiss Plaintiff's complaint.

Date: June 1, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
4416.005

9